**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4289**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SINCLAIR ELLIS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:16-cr-00515-GLR-1)

Submitted: January 11, 2019                    Decided: February 14, 2019

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Megan E. Coleman, MARCUSBONSIB, LLC, Greenbelt, Maryland, for Appellant. Jason Daniel Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sinclair Ellis, Jr., pled guilty to conspiracy to distribute and to possess with intent to distribute heroin and cocaine, 21 U.S.C. §§ 841, 846 (2012), and was sentenced to 151 months in prison. Ellis appeals. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising three issues but stating that there are no meritorious issues for appeal. Ellis has filed a pro se brief. We affirm.

I

Ellis received a two-level reduction of his offense level based on acceptance of responsibility. *See* U.S. Sentencing Guidelines Manual § 3E1.1(a) (2016). He contends that the district court erred because it did not compel the United States to move for an additional reduction under USSG § 3E1.1(b). Because Ellis raises this claim for the first time on appeal, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

A court may compel the Government to move for the additional reduction if the Government withholds such a motion for an improper reason. *United States v. Divens*, 650 F.3d 343, 350 (4th Cir. 2011). An improper reason includes considerations beyond the requirements listed in the guideline. Among the permissible considerations is the defendant's assistance in the investigation or prosecution of the offense by timely notifying authorities of his intent to plead guilty, thereby allowing the Government to avoid trial preparation and permitting efficient allocation of Government and court resources. *Id.* at 345–47.

We conclude that there was no error, much less plain error, in the court's not compelling the filing of a § 3E1.1(b) motion. In a sentencing memorandum, the United States stated that it would not move for the additional one-level reduction for the permissible reason that Ellis had not entered a timely guilty plea, thereby requiring the Government to prepare for trial and respond to various motions. In addition, Ellis conceded at sentencing that his plea was untimely and declined to object to not receiving the one-level reduction. Given the parties' agreement that the guilty plea was not promptly made, and the fact that the Government had prepared for a trial that was scheduled to begin roughly two weeks after Ellis entered his plea, the Government was permitted to not file the motion. Accordingly, the district court did not err in refusing to compel a § 3E1.1(b) motion.

II

Ellis alleges that the district court considered erroneous and improper factors when imposing sentence. Our review of the record shows that, although both heroin and fentanyl were discussed during argument, the court based the sentence only on Ellis's involvement with heroin and cocaine, the drugs charged in the superseding indictment. Further, the court's mention of drugs in general causing death and the trade of drug dealing being morally repugnant was permissible, as these facts relate to the serious nature of Ellis's offense. *See* 18 U.S.C. § 3553(a)(1) (2012). Contrary to Ellis's argument, the court considered only permissible statutory factors when imposing the procedurally and substantively reasonable within-Guidelines sentence.

III

3

Ellis claims that his attorney was ineffective for a variety of reasons. A claim of ineffective assistance of counsel is not cognizable on direct appeal unless ineffectiveness conclusively appears on the face of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because ineffectiveness does not conclusively appear on the face of the record, we decline to address this issue.

IV

Finally, Ellis claims that his plea was involuntary because it was unclear that he was satisfied with his attorney. This claim is not distinct from Ellis's claim for ineffective assistance of counsel, discussed above. We further note that during his Rule 11 hearing, Ellis confirmed that he had signed a document stating that he was pleading guilty knowingly and voluntarily "with the assistance of counsel with whose services he [was] completely satisfied." We therefore find no merit to Ellis's claim.

V

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm. Counsel's motion to withdraw from representation is denied at this time. This court requires that counsel inform Ellis, in writing, of the right to petition the Supreme Court of the United States for further review. If Ellis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ellis. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*